No. 3853.—JOSEPH H. WILLARD et al. v. JOHN H. PEYTON.

A succession sale of community property made to pay the debts of the estate can not be annulled because minor heirs have an interest in the succession, of which they have not been divested, according to law.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *E. K. Washington* and *M. C. Dunn*, for plaintiffs and appellants. *Wooldridge & Thomas*, for defendant and appellee.

TALIAFERRO, J. This is a petitory action to recover from the defendant twelve lots of ground with the buildings and improvements thereon, situated in the city of New Orleans, bounded by Magazine, Camp, Aline and Delachaise streets. The plaintiff also claims rent for the use of the property, from the year 1867.

The defendant denies the allegations of the plaintiff, avers that he is the *bona fide* owner of the property, having acquired a legal title

thereto by purchase at a probate sale and payment of the price of adjudication. He alleges that since he became owner of the property he expended five thousand dollars in repairs and improvements made upon the property. He prays, in case of eviction, that before the plaintiffs are permitted to take possession of the property they be required to refund to him the price paid, viz.: $17,225 and $5000 costs of improvements, etc.

There was judgment in the court below in favor of the defendant, and the plaintiffs have appealed.

The pretensions of the plaintiffs are based upon the assumption that nullity resulted from the proceedings by which the property in question was sold, the plaintiffs being at that time minors, and that their rights in the property derived from their father have never been legally divested. The property was community property acquired during the marriage of Peter H. Willard, the father, and Mrs. Mary Helen Willard, the mother of the plaintiffs, one of whom is yet a minor. She represents in this suit as natural tutrix. Upon the death of the father, Mrs. Willard qualified as natural tutrix of the minors, and administered the succession in that capacity. The estate was largely in debt. The tutrix, it seems, called a family meeting to advise in regard to the interests of the minors. The meeting came to the conclusion that it was necessary to sell the property to provide for the payment of the debts, and prescribed the terms of sale. A sale was effected, but the purchaser refusing to comply with the terms of the sale, difficulties arose and some delay took place in having the title reinvested in the succession. The creditors became clamorous, and one of them having a mortgage upon the property to secure a debt of about twelve or thirteen thousand dollars, demanded a sale of property for the payment of his claim, and proceeded to apply for the administration of the estate. This was opposed by the widow, who claimed the right of administration, which was awarded to her, and, as administratrix, applied for and obtained an order of sale of the property of the estate to pay its debts. It was accordingly sold. The defendant purchased it at its appraised value, and a title was made accordingly. We are at a loss to see any foundation for the plaintiffs' claims. Their rights were residuary. The property was bound for the debts, the sale of it for the payment of those debts was inevitable. The sale of it was regular in every respect; all the formalities prescribed by articles 990 and 991 of the Code of Practice were complied with, and there is no ground to complain that the legal formalities necessary to divest the title of minors to property has been disregarded. It is therefore ordered that the judgment of the District Court be affirmed with costs.

Rehearing refused.